UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Mc CUISTION,

    Petitioner,

v.

WASHINGTON STATE ATTORNEY GENERAL'S OFFICE AND Dr. HENRY RICHARDS,

    Respondents.

Case No. C06-5329RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
AUGUST 4th, 2006**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner indicates a monthly income of between $550 and $600 dollars. (Dkt. # 4). He refuses to provide a financial accounting and claims he is exempt from having to provide such an accounting. (Dkt. # 4). The court recommends the motion for *in forma pauperis* status be **DENIED**.

### FACTS

Petitioner is a resident at the Washington Special Commitment Center. (Dkt. # 1). Petitioner filed a deficient motion to proceed *in forma pauperis* and the clerks' office sent him a letter listing

ORDER- 1

the deficiencies. (Dkt. # 1 and 2). Petitioner responded by letter and filed another motion to proceed *in forma pauperis*. (Dkt. # 3 and 4). In his letter petitioner states "I believe that the Ninth Circuit case of Page v. Torrey, 201 F3d 1136 states that Civil Detainee's [sic] are not prison inmates and therefore are not subject to financial reporting for purposes of application to file **IN FORMA PAUPERIS."** (Dkt. # 3).

<u>DISCUSSION</u>

Petitioner indicates he makes between $550 and $ 600 per month. (Dkt. # 4). He indicates no persons depend upon him for support. (Dkt. # 4). Petitioner refused to provide any accounting as to his finances and cites to Page v. Torrey, 201 F. 3rd 1136 for the proposition he need not provide such an accounting. (Dkt. # 3).

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a litigant is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed *in forma pauperis* in the present case, petitioner is asking the government to incur the filing fee because he is allegedly unable to afford the costs necessary to proceed with his petition for habeas corpus. Given the minimal fees required to proceed with this action ($5.00 filing fee) and the stream of income available to the petitioner, it is not unreasonable to deny petitioner's application for *in forma pauperis* status.

While not an inmate, petitioner has the obligation to provide enough information for the court to determine if he is entitled to *in forma pauperis* status. Petitioner has not provided any information

ORDER- 2

as to how his monthly income of $550 to $ 600 is spent.  He has not shown any entitlement to *in forma pauperis* status.  (Dkt. # 1 through 4).  The court concludes that petitioner makes adequate income to pay the full filing fee in this case.  His motion should be **DENIED.**   A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 4th, 2006**, as noted in the caption.

The clerks' office is directed to remove Dkt. # 1 and 4 from the court's calendar.

Dated this 17th, day of July, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER- 3