UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID W. MCCUISTION,

    Petitioner,

v.

WASHINGTON STATE ATTORNEY
GENERAL'S OFFICE AND Dr.
HENRY RICHARDS,

    Respondents,

Case No.  C06-5329RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
April 6, 2007**

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action pursuant to 28 U.S.C. § 2254.

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

    Petitioner is civilly committed as a sexually violent predator. Petitioner is not challenging a criminal conviction or sentence. In his petition he indicates he was civilly committed October 3, 2003 (Dkt. # 14). Petitioner raises seven grounds for relief. Petitioner argues:

    1.    Pierce County lacked jurisdiction to arrest him in 1998 when he was detained for civil commitment.

REPORT AND RECOMMENDATION
Page - 1

    2.      The crime for which he was serving time when arrested is not a sufficient predicate offense.

    3.      Use of a past prior offense as the cause predicate violates the Ex Post Facto Clause.

    4.      The mental abnormality in this case is "too inpercise [sic] of a category to warrant indefinite civil commitment."

    5.      His mental diagnosis of antisocial personality disorder lacks sufficient evidence to establish its current existence.

    6.      The states use of hired independent experts, pretrial, violated petitioners' rights.

    7.      That petitioner was denied his statutory right to present a defense.

(Dkt. # 14). After reviewing the materials submitted by the parties, the court recommends **DENYING** the petition.

## FACTS

A.    <u>Prior criminal conviction history</u>.

The Washington State Court of Appeals summarized the facts surrounding petitioner's civil commitment:

> On July 23, 1980, the State, acting through the Pierce County Prosecutor, alleged that McCuistion had sexually touched two girls, aged 5 and 8, and masturbated over one of the girls' beds. He was charged with attempted indecent liberties, pleaded guilty and received a five year deferred sentence.
>
> In 1983, the State alleged that McCuistion approached a woman in a Safeway parking lot. He had a plaster cast on his arm, and his penis was outside his pants. He hit the woman in the back of her head with the cast until bystanders intervened. He was charged with second degree assault with intent to commit rape and pleaded guilty to third degree assault. His deferred sentence was revoked, and he was sent to prison on both the old and the new cause numbers.
>
> Following his release from prison, the State alleged that McCuistion had made obscene telephone calls to, and threatened to rape and kill, another woman. He was charged and convicted of telephone harassment and sentenced in June 1987 to serve a year in jail.
>
> On February 4, 1988, McCuistion assaulted another woman. While drinking, he had seen the lights on in her house, gone to the door, and asked to use the bathroom. While inside, he had pushed her to the ground and choked her until interrupted by her 10-year-old son. In March 1988, he pleaded guilty to second degree assault and received six months in jail.
>
> In 1989, McCuistion attempted to kidnap a 15-year-old girl. He pleaded guilty and was sent to prison until October 1992.
>
> On April 25, 1993, McCuistion picked up a female hitchhiker in Clark County.

REPORT AND RECOMMENDATION
Page - 2

They consumed alcohol, first at a bar and later at a park. At the park, McCuistion pushed her down, choked her from behind, hit her head against the ground, and raped her. He pleaded guilty to third degree rape and was given an exceptional sentence of 90 months.

On October 15, 1998, while McCuistion was still incarcerated on the 1993 Clark County case, the Pierce County Prosecutor petitioned to commit him as a sexually violent predator. Two weeks later, the court found probable cause and ordered that he be held at the Special Commitment Center on McNeil Island.

In November 1998, McCuistion moved for an expert at public expense, and the court appointed Dr. Hart. In December 1998, McCuistion moved for an additional expert at public expense, and the court appointed Dr. Novick. In December 1999, after the Attorney General (AG) had replaced the Pierce County Prosecutor, McCuistion indicated that he would not call either Dr. Hart or Dr. Novick, and he asked the court to appoint a third expert, Dr. Berlin. The court so ordered, but McCuistion dismissed Dr. Berlin before trial. On July 21, 2003, while pro se, McCuistion asked the court to appoint yet a fourth expert at public expense. This time, the court denied his request.

On September 8, 2003, a bench trial commenced. McCuistion claimed that the State lacked authority to have its expert, Dr. Packard, evaluate his records and testify at trial. McCuistion also claimed that RCW 71.09 was unconstitutional as applied to him, and that the Pierce County Prosecutor lacked authority to petition for his commitment. The trial court denied these claims and, after hearing from McCuistion and Dr. Packard, ordered that McCuistion be committed as a sexually violent predator. The court later entered Findings of Fact and Conclusions of Law, and this appeal followed.

(Dkt. # 22, Exhibit 2)(footnotes omitted).

## PROCEDURAL HISTORY

Petitioner appealed his commitment and his appeal was denied (Dkt. # 22, Exhibit 2). Petitioner then asked for discretionary review in Washington State Supreme Court. Petitioner raised the following issues in that motion:

1. Did the Court of Appeals' [sic] commit probable error when they held, "Nothing in this language refers only to the prosecutor that most recently charged and convicted an alleged SVP. Indeed, both RCW 71.09.030(1) and (5) seems expressly to refer to the prosecuting attorney of any county in which the alleged SVP was [']at any time previously['] convicted of a sexually violent offense. McCuistion having been previously convicted of such an offense in Pierce County, the prosecutor of that county had authority to petition for his commitment as an SVP."?

2. Did the Court of Appeals' [sic] commit probable error when they interpreted RCW 71.09.030(1) within the SVP statute to mean, "RCW 71.09.030(1) expressly authorizes the commitment of a person who at any time previously has been convicted of a sexually violent offense, and who is about to be released from total confinement. It does not, according to its plain terms, require that the previous

REPORT AND RECOMMENDATION
Page - 3

        conviction be the reason for the current confinement."?

3.    Did the Court of Appeals' [sic] commit probable error when holding that RCW 71.09.030(1) "does not require the previous conviction be the reason for the current confinement," when that decision is in direct conflict with this Supreme Court[']s earlier ruling within <u>In re Young</u>, 122 Wn.2d at 12. And also when their decision is in direct conflict with <u>Kansas v. Hendricks</u>, 521 U.S. 346, 117 S. Ct. 2072, 138 L.Ed.2d 501 (1997)?

4.    Did the Court of Appeals' [sic] commit probable error when they held, "McCuistion argues the RCW 71.09 violates the ex post facto clause in both the United States Constitution and the Washington Constitution. Neither clause applies, however, because RCW 71.09 is a civil statute."?

5.    Did the Court of Appeals' [sic] commit probable error when their decision concerning the State's hired expert is in direct conflict with this Court's reasoning and ruling within <u>In re Det. of Williams</u>, 147 Wn.2d 476, 491 Decided Oct. 2002?

(Dkt. # 22, Exhibit 6). The Washington Supreme Court denied review on April 4, 2006. (Dkt. # 22, Exhibit 7).

This federal habeas corpus petition followed and the petitioner raises the following grounds for relief:

1.    JURISDICTION:

The State of Washington in and through the County of Pierce lacked the jurisdiction in 1998 required under the RCW 71.09 statute to arrest, detain and commit Mr. McCuistion as a sexually violent predator in 2003. And in doing so without the required jurisdiction, this has violated Mr. McCuistion's constitutional due process and equal protection rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

2.    INSUFFICIENT PREDICATE OFFENSE:

Mr. McCuistion was unconstitutionally committed under an otherwise facially constitutional statute, and this has violated Mr. McCuistion's constitutional due process and equal protection rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

3.    EX POST FACTO:

Mr. McCuistion was unconstitutionally committed in violation against ex post facto legislation with the misinterpretation and application of the RCW 71.09 statute in this case. And this has violated Mr. McCuistion's constitutional due process and equal protection rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

4.    THE TERM OF MENTAL ABNORMALITY IN THIS CASE, [sic] IS TOO INPERCISE [sic] OF A CATEGORY TO WARRANT INDEFINITE CIVIL

|   |   |   |
|---|---|---|
| 1 |   | CONFINEMENT WITHIN A MENTAL INSTITUTION: AND THIS HAS VIOLATED MR. MCCUISTION'S CONSTITUTIONAL DUE PROCESS AND EQUAL PROTECTION RIGHTS AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. |
| 2 | 5. | THE DIAGNOSIS OF ANTISOCIAL PERSONALITY DISORDER LACKS SUFFICIENT EVIDENCE TO ESTABLISH ITS CURRENT EXISTENCE, AND THIS HAS VIOLATED MR. MCCUISTION'S CONSTITUTIONAL DUE PROCESS AND EQUAL PROTECTION RIGHTS AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. |
| 3 | 6. | THE STATE BEING PERMITTED TO HIRE AND RETAIN THEIR OWN INDEPENDENT EXPERT DURING THE PRE-TRIAL AND DISCOVERY STAGES OF THESE PROCEEDINGS HAS RENDERED ENTIRE PORTIONS OF THE STATUTE MEANINGLESS AND INOPERATIVE, VIOLATING MR. MCCUISTION'S CONSTITUTIONAL DUE PROCESS AND EQUAL PROTECTION RIGHTS AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. |
| | 7. | DENIAL OF APPELLANT'S STATUTORY RIGHTS TO PRESENT A DEFENSE HAS VIOLATED MR. MCCUISTION[']S RIGHTS [SIC] TO A FAIR TRIAL, AND MR. MCCUISTION'S CONSTITUTIONAL DUE PROCESS AND EQUAL PROTECTION RIGHTS AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. |

(Dkt. # 14). Respondents concede these seven grounds are exhausted (Dkt. # 21, page 5).

<u>EVIDENTIARY HEARING</u>

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him committable. Therefore, petitioner is not entitled to an evidentiary hearing.

<u>STANDARD OF REVIEW</u>

REPORT AND RECOMMENDATION
Page - 5

Federal courts may intervene in the state judicial process only to correct wrongs of constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A. <u>Grounds one and two, jurisdiction and the predicate offense</u>.

Petitioner argues Pierce County had no jurisdiction to file a civil commitment proceeding against him because, at the time of filing, he was serving a sentence for a crime committed in Clark County (Dkt. # 14). He also argues the application of the statute to him is unconstitutional because he was not incarcerated for a serious sex crime at the time the commitment proceedings were filed.

The state court of appeals addressed these two arguments and stated:

> McCuistion argues on appeal that the Pierce County Prosecutor lacked authority to petition for his commitment. He claims that the only county with power to file a petition is the one "which has sent the offender to be confined within the Department of Corrections for the crimes for which the offender is presently convicted and incarcerated"–or, in other words, that "this last sentencing county would be the only county with jurisdiction."
>
> To support the argument, McCuistion relies on RCW 71.09.025 (1)(a)(i) and RCW 71.09.030(1). RCW 71.09.025(1)(a)(i) states:
>> When it appears that a person may meet the criteria of a sexually violent predator as defined in RCW 71.09.020 (1), the agency with

> jurisdiction shall refer the person in writing to *the prosecuting attorney of the county where the person was charged*, three months prior to:
> (i) The anticipated release from total confinement of a person who has been convicted of a sexually violent offense.

RCW 71.09.030 states:

> When it appears that: (1) A person *who at any time previously* has been convicted of a sexually violent offense is about to be released from total confinement on, before, or after July 1, 1990; ...or(5) a person *who at any time previously* has been convicted of a sexually violent offense and has since been released from total confinement and has committed a recent overt act; and it appears that the person may be a sexually violent predator, *the prosecuting attorney of the county where the person was convicted or charged* or the attorney general if requested by the prosecuting attorney may file a petition alleging that the person is a "sexually violent predator" and stating sufficient facts to support such allegations.

Nothing in this language refers only to the prosecutor that most recently charged and convicted an alleged SVP. Indeed, both RCW 71.09.030(1) and (5) seem expressly to refer to the prosecuting attorney of any county in which the alleged SVP was "at any time previously" convicted of a sexually violent offense. McCuistion having been previously convicted of such an offense in Pierce County, the prosecutor of that county had authority to petition for his commitment as an SVP.

McCuistion argues that he was not committable when the State filed its petition. He seems to reason (1) that he could not be committed under RCW 71.09.030(1) because he *was not then* incarcerated for a sexually violent offense; and (2) that he could not be committed under RCW 71.09.030(5) because he *was* then incarcerated.

The first proposition is not correct. RCW 71.09.030(1) expressly authorizes the commitment of a person who *at any time previously* has been convicted of a sexually violent offense, and who is about to be released from total confinement. It does not, according to its plain terms, require that the previous conviction be the reason for the current confinement.

The second proposition is likewise incorrect. According to RCW 71.09.030(5), the State may commit an individual "who at any time previously has been convicted of a sexually violent offense and has since been released from total confinement," if, "on the day [the] petition is filed, [the] individual is incarcerated for ... an act that by itself would have qualified as a recent overt act." McCusition was previously convicted for attempted indecent liberties, which according to RCW 71.09.020(15), is a sexually violent offense. According to RCW 71.09.020(10), a "recent overt act" is "any act or threat that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm in the mind of an objective person who knows of the history and mental condition of the person engaging in the act." When the State filed the petition at issue here, McCuistion was incarcerated for third degree rape, and act that qualifies as a recent "overt act." Accordingly, McCuistion was committable under RCW 71.09.030.

(Dkt. # 22, Exhibit 2, pages 4 to 6)(footnotes omitted).

The Washington State Court of Appeals properly considered Mr. McCuistion's arguments as raising questions of state law. Mr. McCuistion was asking the court to interpret its own state statutes. A state court's interpretation of state law is binding on this court. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395 (9th Cir. 1989), <u>cert</u>, <u>denied</u>, 493 U.S. 942 (1989). The deference given to a state court's interpretation of state law is only suspended where the interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation. <u>Oxborrow</u>, 877 F.2d at 1399. Petitioner fails to show the states interpretation of its own statues is untenable or subterfuge and the first two grounds for relief are without merit.

        B.    <u>Ex Post Facto</u>.

Petitioner alleges his civil commitment violates the Ex Post Facto clause because the state has "reached back in time and seized upon a conviction for which Mr. McCuistion had been convicted, sentenced, served his term of confinement, and completely discharged back into society as of new [sic] in 1986." (Dkt. # 14, page 5). The state court considered this ground for relief and rejected it, noting that the United States Supreme Court had considered the same issue and held the Ex Post Facto Clause is not violated by civil commitment proceedings. (Dkt. # 22, Exhibit 2).

The state court's analysis is consistent with the holding of the United States Supreme Court. Civil Commitment is not punishment, it is a civil proceeding rather than a criminal proceeding. <u>Kansas v Hendricks</u>, 521 U.S. 346 (1997); <u>Seling v Young</u>, 531 U.S. 250 (2001).

The state court's ruling is not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. This ground for relief is without merit.

        C.    <u>Grounds four and five, mental abnormality issues</u>.

Mr. McCuistion alleges his mental diagnosis of anti social personality disorder is too inpercise [sic] to form the basis for civil commitment. He also argues there is not sufficient evidence to support the finding of fact that the condition currently exists.

The Washington State Court of Appeals considered these two ground for relief and stated:

> To commit a person under RCW 71.09, the State must prove beyond a reasonable doubt that he is a sexually violent predator and, if he was not "totally confined" when the petition was filed, that he has committed a recent overt act. An exception exists to the overt-act requirement, however, if, when the State filed its SVP petition, the person was "incarcerated for a sexually violent offense, or for an act

REPORT AND RECOMMENDATION
Page - 8

that would itself qualify as a recent overt act;" in neither of those events does "due process require the State to prove a further overt act occurred between arrest and release from incarceration." A sexually violent predator is "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility.""A recent overt act is an act that causes harm or creates a reasonable apprehension of harm of a sexually violent nature."

The record here shows a sexually violent offense, for it shows a 1980 conviction of attempted indecent liberties against two children aged 5 and 8. The record also shows a 1993 overt act, for it shows that on April 25, 1993, McCuistion forcibly raped a hitchhiker. The record need not show that the overt act was "recent" vis-vis the State's October 1998 SVP petition, for McCuistion was constantly incarcerated from April 1993 to October 1998. The remaining issues are (A) whether the evidence is sufficient to show that McCuistion suffered from a mental abnormality or personality disorder that made him likely to commit predatory acts of sexual violence, and (B) whether the evidence is sufficient to show that McCuistion had serious difficulty controlling his sexually violent behavior.

McCuistion argues that the evidence is insufficient to support a finding that he suffers from a mental abnormality. RCW 71.09.020(8) defines a "mental abnormality" as "a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to the commission of criminal sexual acts in a degree constituting such person a menace to the health and safety of others."

Dr. Packard testified that although he was not a medical doctor, he was a licensed clinical psychologist and certified sex offender treatment provider who had for nearly 20 years been evaluating, diagnosing, and treating sex offenders. He opined that McCuistion suffered from a mental abnormality known as "Paraphilia, Not Otherwise Specified," which is 'a mental disorder that has as its primary features the existence of recurring, intense sexually arousing fantasies, urges or behaviors" that can be "towards children, or non-consenting persons." He further opined that McCuistion had an antisocial personality disorder and was "more likely than not to engage in future acts of predatory sexual violence if not confined." He based these opinions on McCuistion's treatment history, McCuistion's own statements, the facts underlying McCuistion's convictions, and other relevant factors. Taken in the light most favorable to the State, this evidence is sufficient to support the contested finding.

McCuistion further argues that the evidence is insufficient to show that he had serious difficulty controlling his sexually violent behavior. In <u>In re Detention of Thorell</u>, the Supreme Court addressed whether the evidence was sufficient for the jury to find beyond a reasonable doubt that a person named Ross presented a serious risk of future sexual violence. According to the experts, Ross had various personality disorders, alcohol dependency, and paraphilia that affected his ability to control his urges. His history of sexual violence and concomitant personality disorder supported an inference that he was seriously unable to control his behavior. Thus, the evidence was sufficient to support his commitment as an SVP.

The evidence here is similar. Dr. Packard opined that McCuistion had a serious lack of control such that he was likely to engage in predatory acts of sexual violence if not confined to a secure facility. Dr. Packard based his opinion on McCuistion's paraphilia and antisocial personality disorder; on McCuistion's convictions for rape and sexual assault; on tests used to predict recidivism; on

REPORT AND RECOMMENDATION
Page - 9

> McCuistion's history of alcohol abuse; and on McCuistion's failure to adhere to a sex offender treatment program. Like the experts in Thorell, Dr. Packard also highlighted the cause-and-effect relationship between McCuistion's mental disorders and his history of sexually based offenses. Viewed in the light most favorable to the State, this evidence was sufficient to support a finding that McCuistion had serious difficulty controlling his sexually violent behavior.
>
> V.
>
> McCuistion argues that the State violated his due process and equal protection rights by "treating [him] as though he were incarcerated within the Department of Corrections and about to be released from total confinement from the conviction of a sexually violent offense." In essence, he reiterates his position that RCW 71.09.030 applies only to persons currently confined for committing a sexually violent offense; that he is not such a person; and thus that he is not committable. Having rejected this position already, we need not discuss it further.

(Dkt. # 22, Exhibit 2, pages 7-11)(footnotes omitted). In the criminal context, evidence is sufficient to support a criminal conviction if the record reasonably supports a finding of guilt beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 320 (1979). The question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Id.</u>, citing <u>Johnson v. Louisiana</u>, 406 U.S. 356, 362 (1972). Even using this strict criminal standard, Mr. McCuistion's argument fails. The holding of the Washington State Court of Appeals is not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. These two ground for relief are without merit.

      D.    <u>Hiring an expert</u>.

Mr. McCuistion argues the state could not hire an expert for use pre trial. He cites to <u>In Re Williams</u>, 147 Wn. 2d 476 (2000) in support of this proposition (Dkt. # 14, page 10). The state court of appeals considered this issue to be "wholly without merit" (Dkt. # 22, Exhibit 2, page 11).

The court has examined the holding in <u>In Re Williams</u>, 147 Wn.2d 476 (2000). Nothing in that decision prohibits the state from hiring an expert or presenting testimony of expert witnesses. The holding indicates the state may not force a person to undergo a pretrial or discovery mental health evaluation under the authority of CR 35 in sexually violent predator civil commitment case, unless such evaluation is allowed by a separate statute.

Presenting the testimony of an expert who bases their opinion on prior examinations and

REPORT AND RECOMMENDATION
Page - 10

documentation violates no right or duty owed to the petitioner. This claim is without merit.

E. <u>Refusal to appoint a fourth expert witness</u>.

The trial court in Mr. McCuistion's civil case appointed him three different expert witnesses. For whatever reason he decided not to use any of those witnesses. His fourth motion for appointment of an expert witness was denied. The Respondents argue:

> McCuistion alleges the superior court violated his right to present a defense by not appointing a fourth expert. This claim is not based upon clearly established federal law. While the Supreme Court has established a Sixth Amendment right to present a defense in a criminal trial, the Supreme Court has not extended this right to civil commitment proceedings. Rather, the Supreme Court has clearly indicated that Sixth Amendment rights do not apply outside of criminal proceedings. Because the Supreme Court has not clearly established that the Sixth Amendment right to present a defense applies to civil commitment trials, McCuistion's claim is not based on clearly established federal law. Moreover, assuming that the constitutional right to present a defense applies to civil commitment trial, McCuistion still is not entitled to relief. After the court had already appointed three experts to aid McCuistion, the court was not required to appoint a fourth expert at public expense. Assuming a right to present a defense is clearly established, the Supreme Court has not extended the right in such a manner as to require the appointment of four experts. The state court reasonably concluded the superior court's decision not to appoint a fourth expert did not violate a right to present a defense:
>
>> McCuistion argues that he was denied his right to present a defense when the court refused his request for a fourth expert witness at public expense. RCW 71.09.050(2) provides:
>>
>>> Whenever any person is subjected to an examination under this chapter, he or she may retain experts or professional persons to perform an examination on their behalf.... In the case of a person who is indigent, the court shall, upon the person's request, assist the person in obtaining an expert or professional person to perform an examination or participate in the trial on the person's behalf.
>>
>> In this case, the trial court appointed three experts on McCuistion's behalf. McCuistion then decided, for whatever reason, not to use any of them. When he requested a fourth, trial was imminent and he did not explain why any of the other three had not been adequate. We review the trial court's ruling only for abuse of discretion, [footnote 29 omitted] and there was no abuse here.
>
> Exhibit 2, at 11-12.
>
> The state court decision was not contrary to or an unreasonable application of clearly established federal law. McCuistion is not entitled to relief.

(Dkt. # 21).

The court today does not reach the issue of whether the Sixth Amendment applies to Civil

REPORT AND RECOMMENDATION
Page - 11

Commitment proceedings. The court has reviewed the holding of the Washington State Court of Appeals and concurs with that holding. The trial court did not abuse its discretion in denying Mr. McCuistion's motion for appointment of an expert. Three prior experts had been appointed. The holding of the Washington State Court of Appeals is not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. This ground for relief is without merit.

## CONCLUSION

This petition is without merit and should be **DENIED.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 13, 2007**, as noted in the caption.

Dated this 15, day of March, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge